**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4067**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSEPH SAMUEL CLEMENT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00113-WO-1)

Submitted:  August 20, 2020                          Decided:  August 24, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Samuel Clement appeals the district court's judgment revoking his supervised release and sentencing him to 37 months' imprisonment and 2 years of supervised release. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Clement's sentence was plainly unreasonable. The Government declined to file a response brief, and Clement, although notified of his right to do so, did not file a pro se supplemental brief. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, the court first determines whether the sentence is procedurally or substantively unreasonable. *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes and citation omitted); *see* 18 U.S.C. § 3583(c) (listing § 3553(a) factors relevant to revocation sentences). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal brackets and quotation marks omitted).

2

We find no unreasonableness, plain or otherwise, in Clement's 37-month sentence. The district court properly calculated Clement's policy statement range of 30 to 37 months, based on his Grade A violation and his criminal history category of III, U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2019) (revocation table). The court heard the parties' arguments and Clement's allocution, and responded to the parties' arguments, including a thorough inquiry into potential medical reasons for Clement to use a controlled substance. The court also addressed counsel's arguments for a sentence below the policy statement range and thoroughly explained its rationale for imposing the within-policy statement-range sentence in terms of the applicable 18 U.S.C. § 3553(a) factors.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Clement, in writing, of his right to petition the Supreme Court of the United States for further review. If Clement requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clement.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*